**IN THE COURT OF APPEALS OF IOWA**

No. 25-0729
Filed August 6, 2025

**IN THE INTEREST OF B.A., G.A., and E.A.,**
**Minor Children,**

**S.A., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Cynthia S. Finley,

Judge.


        A father appeals a modified dispositional order removing three children from

his custody.  **AFFIRMED.**


        Rebecca Williams, Cedar Rapids, for appellant father.

        Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

        Annette F. Martin, Cedar Rapids, attorney and guardian ad litem for minor

children.


        Considered without oral argument by Schumacher, P.J., and Badding and

Langholz, JJ.

**LANGHOLZ, Judge.**

After a two-year-old girl fell from a second-story window while unattended, she and her younger brother were removed from their father's custody.[1] Over the course of two years, the father worked to maintain sobriety and improve his parenting. And those efforts paid off—the children were returned to his custody. But once the children were back in his care, the problems with supervision quickly resumed. In just one month, the four-year-old daughter ingested an impairing amount of THC, the three-year-old son escaped through a ground floor window, and there were a number of close calls while the children were left unsupervised. So the children were again removed by the juvenile court.

The father appeals that juvenile court order modifying the dispositional order, arguing the children should remain in his custody. Yet, like the juvenile court, we find that keeping them in the home jeopardizes their safety and is contrary to their welfare. While the father insists he has made strides, the children were initially removed for poor supervision, and after two years of services, those concerns persist. The core purpose of our child-welfare statutes—and judicial proceedings like these—is to protect children from the very risks that have already materialized here. Thus, placing the children's safety at the forefront, we affirm the juvenile court's modified dispositional order removing the children from the father's custody.

---

[1] We avoid using the parties' names to respect their privacy because this opinion—unlike the juvenile court's order—is public. *Compare* Iowa Code § 232.147(2) (2025), *with id.* §§ 602.4301(2), 602.5110; *see also* Iowa Ct. R. 21.25. And because the mother does not appeal, we focus on the father.

I.

In May 2023, a two-year-old daughter was briefly left alone and fell from a second story window—falling about fourteen feet and landing on cement. While receiving medical treatment, she tested positive for cocaine and THC. The father submitted a drug screen, which was positive for methamphetamine and THC. So the daughter and her younger brother were promptly removed from both parents' custody, placed in foster care, and adjudicated in need of assistance.[2] In September, the father and mother welcomed their third child—a baby boy—who remained in the parents' custody.

The father worked toward reunification with the two older children. He completed the SafeCare program, regularly attended visits, and abstained from using methamphetamine, though he continued to use marijuana. By March 2024, he progressed to multiple unsupervised overnight visits each week.

Yet the visits were later reduced after department social workers raised concerns that the children were not adequately supervised. For instance, the youngest son rolled off the couch and hit a coffee table when the mother left the room. Another time, the parents overlooked that the daughter and middle son were ill, delaying medical care for the daughter after she experienced a high fever for over twenty-four hours and never having the son examined despite him having strep and walking pneumonia.

---

[2] The daughter's fall was not the first time the Iowa Department of Health and Human Services received reports that the children were not properly supervised. A few months before the fall, the daughter swallowed a screw. Responding paramedics noted the home had "no baby proofing whatsoever," including no gates near wooden stairs.

After these concerns were raised, the father worked to get back on track. And in February 2025, he regained custody of the daughter and middle son. But that was short-lived.

During the month that the children were returned to their father's custody, there were a number of close calls or instances of neglect due to inadequate supervision. The now-four-year-old daughter ingested THC—testing positive and requiring medical care after being lethargic and "difficult to wake up." The now-three-year-old middle son escaped out of a ground floor window. The home did not have functioning safety locks on the bathroom door or cabinets, leading to the daughter accessing a cabinet while the parents were sleeping, removing Epsom salts, and spilling them over her bedroom floor. On another date, the daughter and middle son filled the bathtub with water and the son got in, all without the parents knowing. And the youngest son suffered an unexplained skull fracture and was underweight.

As a result, the State moved to modify the February dispositional order to remove all three children from the father's custody. After a contested hearing, the juvenile court agreed. The court found that for two years, the department made reasonable efforts toward reunification yet the father was still "not able to demonstrate the ability to safely supervise the children without intervention by providers." Thus, "continuation of the children in the parental home would be contrary to the welfare of the children."

The father appeals, and we review the modified dispositional order de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

II.

The father challenges the juvenile court's modification of the dispositional order that placed the three children outside of his custody. A juvenile court may modify a dispositional order if "efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available." Iowa Code § 232.103(4)(c) (2025). Though children should "remain at home" with their parents "[w]henever possible," custody to the children may be transferred away from a parent if "there is clear and convincing evidence" that the children "cannot be protected from some harm which would justify" adjudicating them in need of assistance "and an adequate placement is available." *Id.* § 232.102(4)(a)(2). The court must also find that keeping the children in the "home would be contrary to the[ir] welfare" and "identify the reasonable efforts that have been made." *Id.* § 232.102(4)(b). And, as always, our "paramount consideration" is the children's safety and best interests. *Id.*

The father insists that the children are well cared for and have neither suffered, nor are at imminent risk of suffering, the degree of physical harm or neglect that justifies removing them from his custody. We disagree. During the short time in his custody, the daughter ingested THC and required medical care. The middle son managed to open a window and exit the home. Both children had easy access to the bathtub and bathroom cabinets, risking drowning or ingesting harmful products like Epsom salts. And the youngest son appeared underfed and suffered an unexplained head injury. Those are precisely the kinds of harms and risks that child-welfare proceedings are designed to prevent. *See In re L.L.*, 459 N.W.2d 489, 494 (Iowa 1990).

The two older children were initially removed because of inadequate supervision, and after two years of services, those safety concerns persist. So while we are encouraged by the father's testimony during the hearing that he has obtained additional safety measures like locks and alarms, those recent measures—when viewed in context with the father's past conduct—are not enough to ensure the children would be safe and adequately supervised if they remained in his custody. "Using the past as the best predictor," the juvenile court appropriately placed the children's safety first by modifying the dispositional order and placing the children outside of the father's custody at this time. *In re R.B.*, No. 22-1346, 2022 WL 16631199, at *3 (Iowa Ct. App. Nov. 2, 2022).

**AFFIRMED.**